UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOTAL SAFETY U.S., INC., et al. | CIVIL ACTION |
| v. | NO. 19-12953 |
| CODE RED SAFETY & RENTAL, LLC, et al. | SECTION "F" |

ORDER AND REASONS

Before the Court is Todd Meyer's Rule 12(b)(6) motion to dismiss Total Safety's breach-of-contract claim. For the reasons that follow, the motion is GRANTED.

**Background**

This litigation arises from trade secrets an employee allegedly stole from his former employer after he abruptly resigned and joined a competitor. Principally at issue is the enforceability of a non-solicitation provision in the employee's contract. The employee says the provision is void under a Louisiana law limiting non-compete agreements. See LA. REV. STAT. § 23:921. The employer rejoins that the provision is valid and subject to reformation if not.

Total Safety U.S. provides integrated industrial safety services to the petrochemical industry. It acquired another national safety service provider, Airgas On-Site Safety Services, in the summer of 2019. The company then changed its name to Total Safety On-Site Safety Services. The parties call this company "Total Safety," and the Court does the same.

Less than one month post-acquisition, several senior employees left Total Safety and joined a competitor—Code Red Safety & Rental. Todd Meyer was one such employee.

Total Safety hired Meyer as a safety sales specialist in May 2014. As a condition of his employment, Meyer signed a Confidentiality and Non-Solicitation Agreement containing a non-solicitation provision:

> **3.** During employment and for a period of one (1) year following the termination of such employment for whatever reason, the Associate shall not, directly or indirectly, on behalf of himself/herself or any other person, firm, other business entity or corporation, solicit any Customer of the Company with whom the Associate had material business-related contact or about whom the Associate had access to Confidential Information, for the purpose of: (a) soliciting such Customer to purchase a Conflicting Product or Service; (b) interfering with the Company's relationship with its Customer by encouraging such Customer to cease doing business with the Company or to reduce the amount of business such Customer does with the company. Associates in Arizona, North Dakota, California, Wisconsin and Louisiana are directed to **Exhibit B** for important limitations on this restriction and the other restrictions in this Agreement.

2

* * *

**Exhibit B – State-Specific Modifications**

**D. <u>Louisiana</u>**. For a Louisiana resident, for so long as the Associate resides in Louisiana and is subject to the laws of Louisiana: the enforcement of the restrictions in Paragraphs [*sic*] 3 will be limited within the state [*sic*] of Louisiana to the Parishes in which the Associate assisted Company in providing its products and services, as are indicated below by circling; provided, however, that nothing in Agreement may be construed to prohibit the enforcement of Paragraphs [*sic*] 3 in accordance with their terms in states outside of Louisiana.

| | | | |
|---|---|---|---|
| Acadia | Allen | Ascension | Assumption |
| Avoyelles | Beauregard | Bienville | Bossier |
| Caddo | Calcasieu | Caldwell | Cameron |
| Catahoula | Claiborne | Concordia | DeSoto |
| East Baton Rouge | East Carroll | East Feliciana | Evangeline |
| Franklin | Grant | Iberia | Iberville |
| Jackson | Jefferson | Jefferson Davis | Lafayette |
| Lafourche | La Salle | Lincoln | Livingston |
| Madison | Morehouse | Natchitoches | Orleans |
| Ouachita | Plaquemines | Pointe Coupee | Rapides |
| Red River | Richland | Sabine | St. Bernard |
| St. Charles | St. Helena | St. James | St. Mary |
| St. John the Baptist | St. Landry | St. Martin | St. Tammany |
| Tangipahoa | Tensas | Terrebonne | Union |
| Vermillion | Vernon | Washington | Webster |
| West Baton Rouge | West Carroll | West Feliciana | Winn |

The Confidentiality and Non-Solicitation Agreement also contains a severability provision:

**9.** It is the intention of the parties that if any provision of the Agreement is determined by a court of competent jurisdiction to be void, illegal or unenforceable, in whole or in part, all other provisions will remain in full force and effect, as if the void, illegal, or unenforceable provision is not part of the Agreement. If a court of competent jurisdiction shall hold invalid any part of this Agreement, the court shall have the right to modify it (where allowed by applicable state law) and then this Agreement shall be deemed amended to the extent required to make it valid and enforceable to its fullest.

Invoking these provisions, Total Safety sued Meyer for breach of contract.[1] It alleges that Meyer violated the non-solicitation provision by "using [its] confidential information and trade secrets to solicit the same customers that his agreements prohibit him from soliciting."

Now, Meyer moves to dismiss Total Safety's breach-of-contract claim under Rule 12(b)(6). He says the non-solicitation provision cannot form the basis of a breach-of-contract claim because the provision is void under Louisiana Revised Statute 23:921(A)(1). The provision is void, he reasons, because it does not specify the parishes to which it applies. Total Safety disagrees. It concedes that the provision does not specify any parishes; it attributes the oversight to a "scrivener's error" correctable by reference to external evidence. So, it invokes the severability provision of the Confidentiality and Non-Solicitation Agreement and urges the Court to reform the non-solicitation provision to comply with Louisiana Revised Statute 23:921(C).

---

[1] Total Safety also sued Meyer for (1) violating the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) violating the Louisiana Uniform Trade Secrets Act, LA. REV. STAT. §§ 51:1431, et seq. ; (3) violating the Louisiana Unfair Trade Practices Act, LA. REV. STAT. §§ 51:1401, et seq.; (4) violating the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (5) breaching the duty of loyalty; (6) conversion; (7) unjust enrichment; and (8) civil conspiracy. Meyer's motion does not target these claims.

I.

A party may move for dismissal of a complaint for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Tex., 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But in deciding whether dismissal is warranted, the Court will not accept conclusory allegations as true. Thompson, 764 F.3d at 502-03 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

To overcome a Rule 12(b)(6) motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

II.

Meyer first contends that Total Safety cannot sue him for breaching the non-solicitation provision of the Confidentiality and Non-Solicitation Agreement because that provision is void under Louisiana Revised Statute 23:921(A)(1). The Court agrees.

A.

Restrictive covenants, such as non-solicitation agreements, are "unfavored in Louisiana and are narrowly and strictly construed." Brock Servs., L.L.C. v. Rogillio, 936 F.3d 290, 296 (5th Cir. 2019) (citing Arthur J. Gallagher & Co. v. Babcock, 703 F.3d 284, 288 (5th Cir. 2012)). Louisiana Revised Statute 23:921 governs restrictive covenants; it voids any contract provision that "restrain[s]" anyone "from exercising a lawful profession, trade, or business of any kind," unless the provision meets a statutory exception. LA. REV. STAT. § 23:921(A)(1). One exception allows an employee to contact with his employer to

> refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.

LA. REV. STAT. § 23:921(C). To fit the exception, a non-solicitation provision must (1) be "limited to geographic areas in which the employer conducts 'a like business,'" and (2) "make the limitation clear by specifying the 'parish or parishes, municipality or

6

municipalities, or parts thereof' in which the employer operates." Babcock, 703 F.3d at 292 (quoting LA. REV. STAT. § 23:921(C)).

Louisiana Revised Statute 23:921(C) requires that a restrictive covenant identify by name the parishes or municipalities to which it applies.[2] See, e.g., Bell v. Rimkus Consulting Grp., Inc. of La., 07-996, pp. 11-12 (La. App. 5 Cir. 3/25/08); 983 So. 2d 927, 933-34, writ denied, 2008-0891 (La. 6/20/08), 983 So. 2d 1276; Kimball v. Anesthesia Specialists of Baton Rouge, Inc., 2000-1954, p. 9 (La. App. 1 Cir. 9/28/01); 809 So. 2d 405, 412-13, writ denied, 2001-3355 (La. 3/8/02), 811 So. 2d 886; Aon Risk Servs. of La., Inc. v. Ryan, 01-0614, p. 5 (La. App. 4 Cir. 1/23/02); 807 So. 2d 1058, 1062. It is not enough if the restrictive covenant simply says it applies to "whatever

---

[2] The Court recognizes that the Louisiana Third Circuit Court of Appeal has held otherwise. See Petroleum Helicopters, Inc. v. Untereker, 98-1816 (La. App. 3 Cir. 3/31/99); 731 So. 2d 965. But Petroleum Helicopters is unhelpful; it adopts an atextual reading of Louisiana Revised Statute 23:921(C): An agreement "specifi[es]" parishes if the parishes are "identifiable" and the employee "would surely be aware" of them. Petroleum Helicopters, 731 So. 2d at 968. That is wrong. To "specify" is "to state explicitly or in detail." American Heritage Dictionary of the English Language (5th ed. 2016). An agreement does not "specify" a parish if it does not even mention the parish by name. Tellingly, the Fifth Circuit has never cited Petroleum Helicopters. It has instead cited Aon Risk and, accordingly, endorsed an interpretation of Louisiana Revised Statute 23:921(C) that requires specification of the parishes or municipalities to which a restrictive covenant applies. See Brock Servs., 936 F.3d at 297; Babcock, 703 F.3d at 292.

7

parishes, counties, or municipalities the company does business." Bell, 983 So. 2d at 933; Aon Risk Servs., 807 So. 2d at 1062.

B.

The non-solicitation provision is void. It purports to prohibit Meyer from "solicit[ing] any Customer of the Company with whom [Meyer] had material business-related contact or about whom [Meyer] had access to Confidential Information." It then directs Meyer to an exhibit "for important limitations on this restriction." The exhibit says the non-solicitation obligation is "limited within the [S]tate of Louisiana to the parishes in which the Associate assisted company in providing its products and services, *as are indicated below by circling*[.]" (emphasis added). But no parish is circled. So, the non-solicitation provision does not "specif[y]" *any* parish to which it applies. See LA. REV. STAT. § 23:921(C). Because the non-solicitation provision fails to "specif[y]" any "parish or parishes, municipality or municipalities, or parts thereof," it does not meet the unequivocal exception set out in Louisiana Revised Statute 23:921(C) and is void under Louisiana Revised Statute 23:921(A)(1). See Bell, 983 So. 2d at 933; Aon Risk Servs., 807 So. 2d at 1062.

III.

Meyer next contends that the non-solicitation provision cannot be reformed to comply with Louisiana Revised Statute 23:921(C) because the provision lacks any valid geographical limitation. The Court agrees.

A.

Some restrictive covenants are geographically overbroad. See, e.g., Babcock, 703 F.3d at 291 (non-compete agreement specified all sixty-four Louisiana parishes, including nine parishes where the employee had not worked). Others fail to specify any valid geographical area. See, e.g., Kimball, 809 So. 2d at 413 (non-compete agreement failed to specify any parishes, municipalities, or parts thereof). The distinction is critical.

If a non-solicitation provision is "geographically overbroad," a court "may rely on a severability provision to reform the overbroad provision and 'excise the offending language.'" Brock Servs., 936 F.3d at 297 (quoting SWAT 24 Shreveport Bossier, Inc. v. Bond, 808 So. 2d 294, 309 (La. 2001), superseded by statute on other grounds, LA. REV. STAT. § 23:921(D)). If the provision fails to specify any valid geographical area, however, it cannot be reformed. See Team Envtl. Servs., Inc. v. Addison, 2 F.3d 124, 127 (5th Cir. 1993); Vartech Sys., Inc. v. Hayden, 2005-2499, pp. 14-15 (La. App. 1 Cir. 12/20/06); 951 So. 2d 247, 260-61; Kimball, 809 So. 2d at 414. For reformation in such circumstances would

9

mean rewriting a disfavored contract into compliance with a narrowly drawn statutory exception. See Gearheard v. De Puy Orthopaedics, Inc., No. 99-1091, 1999 WL 638582, at *6 (E.D. La. Aug. 19, 1999) (Clement, J.).

B.

The non-solicitation provision in the Confidentiality and Non-Solicitation Agreement cannot be reformed because it wholly fails to specify any valid geographical area. The provision directs Meyer to an exhibit "for important limitations on this restriction." The exhibit, in turn, says the non-solicitation obligation is "limited within the [S]tate of Louisiana to the parishes in which the Associate assisted company in providing its products and services, as are indicated below by circling[.]" Although all of Louisiana's parishes are *listed*, no parish is *circled*. Because no parish is "indicated below by circling," the non-solicitation provision fails to "specif[y]" any applicable "parish or parishes, municipality or municipalities, or parts thereof." LA. REV. STAT. § 23:921(C).

The Court emphasizes that the provision is not deficient because it is geographically overbroad; it is deficient because it fails to "specif[y]" any valid geographical area. Cf. Brock Servs., 936 F.3d at 297 (distinguishing non-reformable provision that failed to specify any parish or municipality from reformable provision that "specified particular parishes and the municipality

10

of New Orleans"). Without any "specified parish or parishes, municipality or municipalities, or parts thereof," LA. REV. STAT. § 23:921(C), the non-solicitation clause cannot stand on its own and, accordingly, cannot be reformed. See Vartech, 951 So. 2d at 260-61; Kimball, 809 So. 2d at 414.

The severability provision does not change the analysis. That provision grants the Court the "right to modify" any part of the contract "where allowed by applicable state law." The problem for Total Safety is that "applicable state law" forecloses modification: The non-solicitation provision cannot stand on its own, given its failure to "specif[y]" any applicable "parish or parishes, municipality or municipalities, or parts thereof," LA. REV. STAT. § 23:921(C). See Vartech, 951 So. 2d at 260-61; Kimball, 809 So. 2d at 414; Team Envtl. Servs., 2 F.3d at 127.

Cognizant of the contract's deficiencies, Total Safety invites the Court to consider extrinsic evidence to determine whether a "scrivener's error" is the reason the exhibit to the non-solicitation provision failed to specify (by circling) any Louisiana parish or municipality. The Court declines.

Total Safety invokes two district court orders in support of its scrivener's error argument. Neither persuades. The first, NUSSLI US, LLC v. NOLA Motorsports Host Comm., Inc., No. 15-2167, 2016 WL 7441145, at *7 & n.125 (E.D. La. Dec. 27, 2016), bases its discussion of scrivener's error on a quote drawn from a Fifth

11

Circuit opinion applying New York contract law. See Chase Manhattan Bank v. First Marion Bank, 437 F.2d 1040, 1049 (5th Cir. 1971). Obviously, New York's contract law does not apply; Louisiana's does. The second order, Employers Mut. Cas. Co. v. Normurray Springs Bottled Water Co., No. 1:08-255, 2011 WL 902032, at *5 (N.D. Miss. Mar. 14, 2011), is unhelpful for the same reason: It applies the contract law of a state other than Louisiana.[3]

IV.

The non-solicitation provision in Meyer's Confidentiality and Non-Solicitation Agreement is void under Louisiana Revised Statute 23:291(A)(1) and cannot be reformed. Because the non-solicitation provision is void and non-reformable, it cannot form the basis of Total Safety's breach-of-contract claim against Meyer.

Accordingly, IT IS ORDERED: that Meyer's Rule 12(b)(6) motion to dismiss is GRANTED, and Total Safety's breach-of-contract claim is DISMISSED with prejudice.

New Orleans, Louisiana, November 6, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Total Safety has not asked the Court to reform the contract on the ground of mutual error under Louisiana law. See Fruge v. Amerisure Mut. Ins. Co., 663 F.3d 743, 748 (5th Cir. 2011) (citing Samuels v. State Farm, 939 So. 2d 1235, 1240 (La. 2006)). Accordingly, the Court does not consider the interplay between that doctrine and Louisiana Revised Statute 23:291.