UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOTAL SAFETY U.S., INC., et al. | CIVIL ACTION |
| v. | NO. 19-12953 |
| CODE RED SAFETY & RENTAL, LLC, et al. | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants' Rule 12(b)(6) motion to dismiss the plaintiffs' complaint. For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART.

**Background**

This litigation arises from trade secrets Todd Meyer allegedly stole from his former employer, Total Safety, after he abruptly resigned and joined a competitor. Total Safety sued Meyer and the competitor — a company called Code Red — for misappropriation of trade secrets. Code Red seeks an on-the-pleadings dismissal; its Rule 12(b)(6) motion presents one principal question: Has Total Safety plausibly alleged that Code Red misappropriated its trade secrets? It has.

Total Safety U.S. provides integrated industrial safety services to the petrochemical industry. It acquired another national safety service provider, Airgas On-Site Safety Services, in summer 2019. The company then changed its name to Total Safety On-Site Safety Services. The parties call this company "Total Safety," and the Court does the same.

Less than one month after the acquisition, several of the company's senior employees left to join a competitor — Code Red.[1] Total Safety says these employees "secretly prepared" to join Code Red by "arming themselves" with Total Safety's trade secrets before leaving the company. Todd Meyer was allegedly one such employee.

Total Safety hired Meyer as a safety sales specialist in May 2014. During his employment, Meyer had access to Total Safety's trade secrets and confidential information, including: (1) Total Safety's products, services, finances, marketing plans, suppliers, and price quotes; (2) the context of Total Safety's contracts with

---

[1] According to Total Safety, Code Red and another business, Turnaround Logistics, LLC, are owned by HEF Safety Intermediate Holdings, LLC d/b/a Coyote Industrial Holding and are operated as a "single business enterprise." Total Safety makes substantively identical allegations against Code Red and Turnaround Logistics and refers to them as "Code Red/Turnaround" in its complaint. So, this Order & Reasons refers to both businesses collectively as "Code Red."

2

customers; (3) quotes to customers; (4) details about customer needs; and (5) the names of trusted vendors.

Meyer left Total Safety in June 2019. One month before leaving, he emailed a competitor (not Code Red) to "explore employment opportunities." In the message, Meyer expressed his intent to bring his "book of business" to the competitor. Around the same time, he plugged an external storage device into his work computer and accessed folders containing Total Safety's trade secrets. He did not return the device when he left Total Safety.

Meyer allegedly copied, disclosed, and used Total Safety's trade secrets with Code Red's "approval." After leaving Total Safety, he continued misappropriating trade secrets "in coordination with" Code Red. Code Red, too, "misappropriated" and "used" Total Safety's trade secrets. Code Red did so, Total Safety says, even though Code Red knew or had reason to know that the trade secrets "derived from Meyer[,] who used improper means to acquire" them. Meyer and Code Red have allegedly used Total Safety's trade secrets to "solicit and induce" customers to transfer their business to Code Red, causing Total Safety "irreparable harm, injuries, and damages."

Total Safety sued Code Red for misappropriating its trade secrets, invoking assorted provisions of federal and Louisiana law. Total Safety alleges claims for (1) violations of the Defend

3

Trade Secrets Act, 18 U.S.C. § 1836(b)(1); (2) violations of the Louisiana Uniform Trade Secrets Act, La. Rev. Stat. §§ 51:1431 — 51:1439; (3) violations of the Louisiana Unfair Trade Practices Act, La. Rev. Stat. §§ 51:1401 — 51:1430; (4) conversion; (5) unjust enrichment; and (6) civil conspiracy.

Now, Code Red moves to dismiss under Rule 12(b)(6). It reasons as follows: all of Total Safety's claims against it hinge on its alleged misappropriation of trade secrets; Total Safety has not adequately alleged that it misappropriated any trade secrets; so, Total Safety has not alleged any plausible claims against it. Total Safety disagrees. It rejoins that it has stated plausible claims and casts Code Red's motion as a challenge to the merits of its claims, not the sufficiency of its allegations.

I.

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A party may move for dismissal of a complaint that fails this requirement. See Fed. R. Civ. P. 12(b)(6). Such motions are rarely granted because they are viewed with disfavor. Leal v. McHugh, 731 F.3d 405, 410 (5th Cir. 2013) (quoting Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." Thompson v. City of Waco, Tex., 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). Conclusory allegations are not well pleaded and, consequently, are not accepted as true. See Thompson, 764 F.3d at 502-03 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

To overcome a Rule 12(b)(6) motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). A claim is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). But it must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 555. Ultimately, the Court's task is "to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's

5

likelihood of success." Thompson, 764 F.3d at 503 (citation omitted).

II.

Code Red first contends that Total Safety's claims are deficiently pleaded because Total Safety has not alleged that it "misappropriated" any trade secrets. The Court disagrees.

A.

The Defend Trade Secrets Act grants the "owner of a trade secret that is misappropriated" the right to bring a civil action "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The Louisiana Uniform Trade Secrets Act, similarly, creates a claim for "damages for the actual loss caused by misappropriation" of a trade secret. La. Rev. Stat. § 51:1433.

To plead a plausible claim under the Defend Trade Secrets Act, Total Safety must allege that: (1) it owns a trade secret; (2) the trade secret was misappropriated by Code Red; and (3) the trade secret is related to a product or service used or intended for use in interstate or foreign commerce. See 18 U.S.C. § 1836(b)(1). Stating a Louisiana Uniform Trade Secrets Act claim requires similar allegations. See La. Rev. Stat. § 51:1433. Only misappropriation is at issue.

6

"Misappropriation," as defined in the Defend Trade Secrets Act, means:

(A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means[2]; or

(B) disclosure or use of a trade secret of another without express or implied consent by a person who--

(i) used improper means to acquire knowledge of the trade secret;

(ii) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was--

(I) derived from or through a person who had used improper means to acquire the trade secret;

(II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or

(III) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or

(iii) before a material change of the position of the person, knew or had reason to know that--

(I) the trade secret was a trade secret; and

(II) knowledge of the trade secret had been acquired by accident or mistake.

---

[2] The term "improper means"

(A) includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means; and

(B) does not include reverse engineering, independent derivation, or any other lawful means of acquisition.

18 U.S.C. § 1839(6).

18 U.S.C. § 1839(5). The Louisiana Uniform Trade Secrets Act contains a near-identical definition of "misappropriation":

> (a) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means[3]; or
>
> (b) disclosure or use of a trade secret of another without express or implied consent by a person who:
>
>> (i) used improper means to acquire knowledge of the trade secret; or
>>
>> (ii) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:
>>
>>> (aa) derived from or through a person who had utilized improper means to acquire it;
>>>
>>> (bb) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
>>>
>>> (cc) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
>>
>> (iii) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

La. Rev. Stat. § 51:1431(2).

---

[3] The term "improper means" includes "theft, bribery, misrepresentation, breach, or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." La. Rev. Stat. § 51:1431(1).

B.

Total Safety's allegations suffice. See 18 U.S.C. § 1839(5); LA. REV. STAT. § 51:1431(2). Total Safety plausibly alleges misappropriation by acquisition under 18 U.S.C. § 1839(5)(A) and LA. REV. STAT. § 51:1431(2)(a) and misappropriation by use under 18 U.S.C. § 1839(5)(B)(ii) and LA. REV. STAT. § 51:1431(2)(b)(ii). Broadly, Total Safety alleges that Meyer misappropriated trade secrets, that Code Red acquired those secrets from Meyer, and that Code Red used the secrets. The story begins with Meyer.

Total Safety says Meyer misappropriated its trade secrets by "cop[ying] and download[ing], without authorization, digital files that, to date, he has not returned." Total Safety identifies the precise "digital files" and invokes a "preliminary forensic analysis," which reveals that Meyer transferred specific files constituting trade secrets to an unreturned external storage device. Enter Code Red.

Total Safety says Code Red "approv[ed]" of Meyer's copying, disclosure, and use of its trade secrets. After Meyer joined Code Red, Total Safety alleges, Meyer "continued his misappropriation in coordination" with Code Red. According to Total Safety, Code Red "use[d]" the confidential information it acquired from Meyer by "marketing and selling . . . products and services using [Total Safety's] trade secrets." And Code Red knew or had reason to know

9

that "such [confidential] information was derived from Meyer[,] who used improper means to acquire it."[4]

These allegations, accepted as true and viewed in Total Safety's favor, suffice to state plausible claims for misappropriation under the Defend Trade Secrets Act and the Louisiana Uniform Trade Secrets Act. See, e.g., Source Prod. & Equip. Co. v. Schehr, No. 16-17528, 2017 WL 3721543, at *5 (E.D. La. Aug. 29, 2017) (company stated plausible claim for misappropriation by acquisition against competitor that hired and allegedly accepted trade secrets from company's ex-employee).

Accordingly, the Court denies Code Red's Rule 12(b)(6) motion to dismiss Total Safety's claims under the Defend Trade Secrets Act and the Louisiana Uniform Trade Secrets Act. Code Red challenges Total Safety's unjust enrichment, conspiracy, and Louisiana Unfair Trade Practices Act claims on the same basis: Total Safety's failure to plausibly allege misappropriation. Because the Court finds that Total Safety has plausibly alleged

---

[4] Code Red invites the Court to discredit the allegations Total Safety makes "on information and belief." The Court declines. Such allegations "are generally deemed permissible under the Federal Rules, especially in cases in which the information is more accessible to the defendant." Johnson v. Johnson, 385 F.3d 503, 531 & n.19 (5th Cir. 2004) (citing 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1224 (2d ed. 1990)).

misappropriation, the Court rejects the challenge and denies Code Red's Rule 12(b)(6) motion to dismiss these other claims.

III.

Code Red next contends that Total Safety's conversion claim fails because it is preempted by the Louisiana Uniform Trade Secrets Act. The Court disagrees.

A.

In Louisiana, "an act of conversion is an intentional tort committed in derogation of the plaintiff's possessory rights." Dileo v. Horn, 15-684, p. 9 (La. App. 5 Cir. 3/16/16); 189 So. 3d 1189, 1198. Conversion is "committed when any of the following occurs: (1) possession is acquired in an unauthorized manner; (2) the chattel is removed from one place to another with the intent to exercise control over it; (3) possession of the chattel is transferred without authority; (4) possession is withheld from the owner or possessor; (5) the chattel is altered or destroyed; (6) the chattel is used improperly; or (7) ownership is asserted over the chattel." Id., 189 So. 3d at 1198.

The Louisiana Uniform Trade Secrets Act contains a preemption provision:

> A. This Chapter displaces conflicting tort, restitutionary, and other laws of this state pertaining to civil liability for misappropriation of a trade secret.

11

B.  This Chapter does not affect:
    (1) contractual or other civil liability or relief that is not based upon misappropriation of a trade secret, or
    (2) criminal liability for misappropriation of a trade secret.

LA. REV. STAT. § 51:1437. This provision "preempts a civilian law claim for conversion of trade secrets, but does not preempt a civilian law conversion claim for confidential information that is not a trade secret." Brand Servs., L.L.C. v. Irex Corp., 909 F.3d 151, 157 (5th Cir. 2018).

B.

The Louisiana Uniform Trade Secrets Act does not preempt Total Safety's conversion claim. Total Safety alleges that Meyer "knowingly downloaded and transferred confidential information" that "may not rise to the level of a trade secret." Because Total Safety asserts a conversion claim for confidential information not qualifying as a trade secret, Total Safety's claim is not preempted by the Louisiana Uniform Trade Secrets Act. See Brand Servs., 909 F.3d at 157; LA. REV. STAT. § 51:1437(B). The Court therefore denies Code Red's Rule 12(b)(6) motion to dismiss Total Safety's conversion claim.

IV.

Finally, Code Red contends that Total Safety cannot state a claim against it for Meyer's alleged breach of an unenforceable non-solicitation agreement. The Court agrees.

A.

In its November 6, 2019 Order & Reasons, the Court ruled that the non-solicitation provision in Meyer's contract was void under LA. REV. STAT. § 23:921(A)(1). It is not clear whether Total Safety seeks to hold Code Red liable for Meyer's alleged breach of the provision. But it is clear that it cannot do so. Because the non-solicitation provision is void, it cannot form the basis of any claim against Code Red. Insofar as Total Safety attempts to assert a claim against Code Red for Meyer's alleged violation of the unenforceable non-solicitation provision, the claim is deficient as a matter of law.

V.

Accordingly, IT IS ORDERED: that the Rule 12(b)(6) motion to dismiss is GRANTED, IN PART, as to any claims Total Safety may be asserting against Code Red and Turnaround Logistics for Todd Meyer's alleged violation of the non-solicitation provision of the Confidentiality and Non-Solicitation Agreement, and DENIED, IN PART, as to all other claims.

New Orleans, Louisiana, November 13, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE